UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN DOE a/k/a ROBERT WINBURN,

    Plaintiff,

v.

RN GRIFFITH, *et al.*,

    Defendant.

Case No. 23-50143
Honorable Laurie J. Michelson

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT [12] AND DIRECTING THE CLERK TO REOPEN THE CASE**

On October 7, 2022, Robert Winburn filed a complaint alleging "systemic breaches" of the Prison Rape Elimination Act as well as First and Eighth Amendment violations by various prison staff. (*See* ECF No. 1.) This is not the first action Winburn has filed in federal court. After dismissing two of Winburn's prior civil rights complaints, District Judge Stephen J. Murphy, III enjoined Winburn from filing a civil action in this Court without prepaying costs or fees "unless he shows that he faces imminent danger of serious physical injury." (*See* ECF No. 1-2, PageID.35 (citing 28 U.S.C. § 1915(g)).)

Upon the filing of Winburn's October 7 complaint, the assigned district judge concluded that Winburn's allegations established that he was in imminent danger of physical injury and granted his application to proceed *in forma pauperis*. (*See* ECF

No. 5.) Shortly thereafter, Winburn filed a motion to amend his complaint (ECF No. 6) as well as an amended complaint (ECF No. 7).

On May 22, 2024, the Court issued an order that (1) granted Winburn's motion to amend his complaint and (2) directed Winburn to file an amended complaint, explaining that "none of Winburn's filings to date – including his proposed First Amended Complaint (*see* ECF No.7) – comply with Federal Rule of Civil Procedure 8(a)(2)." (ECF No. 8, PageID.162.) The Court mailed a copy of its order to Winburn at the address that he provided the Court, but it was returned as undeliverable. (*See* ECF No. 9.)

This District's Local Rule 11.2 provides that if there is a change to a party's contact information, the party "promptly must file" a notice with the court including the party's "new contact information" and that failure to do so may result in the dismissal of the case. *See* E.D. Mich. L.R. 11.2. So, because Winburn did not file a notice with the Court reflecting his change in address, the Court dismissed Winburn's complaint without prejudice. (*See* ECF No. 10 (citing E.D. Mich. L.R. 11.2).)

Now, following reassignment of his case, Winburn comes before this Court seeking relief from judgment pursuant to Rules 60(a) and 60(b)(1), (6) of the Federal Rules of Civil Procedure. (ECF No. 12.) In his motion Winburn argues that, while he did not file a notice updating his address, his motion to amend and proposed amended complaint "specifically contained a cover letter notifying the court and parties of [his] address change." (*Id.* at PageID.169.)

2

Under Federal Rule of Civil Procedure 60(a), the Court may grant relief from judgment when there has a been "a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). Here, the Court finds that there is no evidence that the Court or the Clerk's Office made a clerical error or mistake. So Rule 60(a) is inapplicable.

That leaves Winburn's arguments under Rule 60(b)(1) and 60(b)(6). Rule 60(b)(1) provides that the Court may relieve a party from a final judgment for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). The Sixth Circuit has explained that "Rule 60(b)(1) 'is intended to provide relief in only two situations: (1) when a party has made an excusable mistake . . . , or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order.'" *Vargo v. D & M Tours, Inc.*, 841 F. App'x 794, 799 (6th Cir. 2020) (quoting *United States v. Reyes*, 307 F.3d 451, 455 (6th Cir. 2002)). The Court did not make a "substantive mistake of law or fact" when it dismissed the action due to Winburn's failure to comply with Local Rule 11.2. So the question for this Court is whether Winburn's failure to file a notice alerting the Court of his new address was an "excusable mistake."

Whether a mistake is excusable is "an equitable determination that weighs 'all relevant circumstances'" including: (1) "the danger of prejudice to the other party," (2) "the length of the delay and its effect on the judicial proceeding," (3) "the reason for the delay, and whether it was within the moving party's control," and (4) "whether

3

the moving party acted in good faith." *Jackson v. Chandler*, 463 F. App'x 511, 513 (6th Cir. 2012) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

Here, it is a close call whether Winburn's failure to comply with Local Rule 11.2 is an excusable mistake warranting relief under Rule 60(b)(1). For efficiency purposes, recognizing that Winburn could simply file a new lawsuit, the Court will give him the benefit of the doubt.[1]

First, the delay caused by Winburn's mistake does not prejudice the Defendants—Winburn has yet to even serve process on the Defendants in this action. Second, the length of the delay resulting from Winburn's mistake is not excessive. Indeed, the Court entered its order dismissing this action just shy of two months before Wilburn's amended complaint was due. (*See* ECF No. 10 (dismissing on June 4, 2024); ECF No. 8 (directing Winburn to file an amended complaint by August 1, 2024).) And third, while the "reason for the delay" was within Winburn's control—i.e., he should have filed a notice—it is clear that Winburn was not acting in bad faith. As he highlights, in both his motion to amend his complaint (ECF No. 6) and his proposed amended complaint (ECF No. 7) Winburn provided his up-to-date address. And, once made aware of his mistake, he quickly filed a motion for relief from judgment (ECF No. 12) as well as a notice of change of address (ECF No. 13).

---

[1] Because the Court grants Winburn's motion pursuant to Federal Rule of Civil Procedure 60(b)(1), there is no reason to undertake an analysis under Federal Rule of Civil Procedure 60(b)(6).

4

Accordingly, the Court GRANTS Winburn's motion for relief from judgment (ECF No. 12) pursuant to Rule 60(b)(1). The Court further DIRECTS the Clerk of Court to vacate the June 4, 2024, judgment (ECF No. 11) and reopen this case. The Court also ORDERS Winburn to file an amended complaint that complies with Rule 8(a)(2) of the Federal Rules of Civil Procedure—including "a short and plain statement of the claim[s]" that Winburn wishes to pursue—by December 6, 2024. Failure to do so may result in the Court dismissing his claims without prejudice.

SO ORDERED.

Dated: November 6, 2024

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE
